# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

TAKETA BEARD                                                                                      PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:09CV-978-H

LOUISVILLE METRO POLICE DEPARTMENT                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's *pro se* motion for reinstatement of this action (DN 9).  Upon consideration, the Court will grant the motion; vacate, in part, its February 23, 2010, Memorandum Opinion and Order dismissing this action; and allow Plaintiff to amend her complaint to argue equitable estoppel/tolling and to name the officers who allegedly caused her harm.

### I.

Plaintiff Taketa Beard filed a *pro se*, *in forma pauperis* civil action against the Louisville Metro Police Department alleging violations of the Fourth Amendment and "human/civil rights" and alleging an illegal strip search and use of excessive force.  She alleges that on October 10, 2007, she was involved in "an incident where I had legally defended myself against a stranger." She reports that a Metro Police officer was there but "did not follow policy to protect me or uphold the law."  She reports that several male officers inappropriately touched her and conducted a strip search.  Those officers, she claims, also were negligent in securing her safety while escorting her, a disabled woman, to the police car as they allowed her to fall which resulted in scrapes, bruises, and a dislocated left shoulder among other unspecified injuries.  As relief, she seeks damages and asks that the officers be reprimanded and given jail time.

Because Plaintiff is proceeding *in forma pauperis*, this Court was required to perform a preliminary review upon the complaint under 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

On initial review of the complaint, the Court, by Memorandum Opinion and Order entered February 23, 2010 (DNs 6 & 7), dismissed the action in its entirety. The Court construed the action as being brought pursuant to 42 U.S.C. § 1983 and found that the sole Defendant, the Louisville Metro Police Department, is not an entity subject to suit but that the real party in interest is the Louisville Metro Government. With respect to the municipality, the Court concluded:

> In the instant case, Plaintiff has not alleged that the police officers acted pursuant to a county policy or custom in causing her alleged harm. In fact, she alleges that they failed to follow policy, and she describes an isolated occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Nothing in the complaint demonstrates that any officers' action or inaction occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

The Court additionally concluded that Plaintiff's claims are time-barred, explaining:

> The statute of limitations for § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when

the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

Plaintiff alleges that the incident involving the Metro Police Officers occurred on October 10, 2007. The statute of limitations expired one year later on October 10, 2008. Because Plaintiff did not file the complaint until December 17, 2009, her claims are time-barred and must be dismissed.

## II.

In the motion for reinstatement, Plaintiff again contends that her Fourth Amendment rights were violated when "male police officers illegally searched [her] touching [her] vagina and buttocks and using extreme force." She reports that she has the VHS/DVD copy of the incident from the police car camera as proof. She advises that "[t]he reason that it took so long to file the case is that I was incarcerated for a long time and the Jefferson County Jail did not provide me with the opportunity or information to do so"; that "[t]hey held me in jail all of that time so that I couldn't do anything about them violating me"; and that "they tried to make it so they would not get in trouble by keeping me in jail with no way to do anything about it." In a letter attached to the motion, she further explains, "I was incarcerated during the time period that I was supposed to file the case. Not only that, but in jail I was not provided the opportunity to do so, I asked the floor counselors for paper work to do so or help in doing so, but I had no success."

On the face of the complaint as drafted, the action appeared untimely. Plaintiff now claims (1) that she was incarcerated during the applicable statute of limitations and (2) that she was prevented from filing suit despite attempts to do so.

3

The Kentucky statute that tolled the limitations period for incarceration was repealed in 1990, *Brown v. Wigginton*, 981 F.2d 913, 914 (6th Cir. 1992) (per curiam), and has no application here. Thus, the mere fact of incarceration itself does not toll of the statute of limitations. However, in alleging that she was intentionally prevented from filing suit while she was incarcerated, she appears to be arguing for equitable estoppel/tolling[1] of the statute of limitations. Because the statute of limitations is an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 215 (2007), the Court will reopen the action, vacate its prior determination that the action is time-barred, and permit Plaintiff to file an amended complaint that includes allegations of equitable estoppel/tolling. This course of action in no way implies that equitable estoppel/tolling is applicable to this case but merely allows further development of that issue.

In addition to finding the complaint untimely, however, the Court also determined that Plaintiff had failed to establish liability against the sole Defendant, Louisville Metro Government. Plaintiff does not challenge this determination, and the Court did not err in reaching this conclusion. Thus, although the Court overturns its decision that the action is untimely, the action is still properly dismissed as pled. Usually, under such circumstance, the Court would not reopen the action. In the Sixth Circuit, however, where a *pro se* plaintiff asserts

---

[1] In *E.E.O.C. v. Ky. State Police Dep't*, 80 F.3d 1086 (6th Cir. 1996), the court distinguished the doctrines of equitable estoppel and equitable tolling:

> Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." Equitable tolling, however, "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim."

*Id.* at 1095 (internal citations omitted).

a claim of a serious nature, it is generally considered an abuse of discretion not to permit a plaintiff to sue the correct parties, even in the absence of a motion to amend. *See Berndt v. State of Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986) ("We express no opinion on whether a remand will be appropriate in every conceivable instance where a *pro se* complainant fails to request for leave to amend, but we feel that a case, such as this, where the claims are of such a serious nature demands that the complaint be closely scrutinized by the district court before it is dismissed in the pleading stage of litigation."). Therefore, because Plaintiff should have named the individual officers responsible for the alleged wrongdoing, the Court will additionally provide her with an opportunity to amend her complaint to name the individual police officers who allegedly assaulted her in October 2007. The Court will then conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e).

The Court clarifies that this decision makes no determination as to whether Plaintiff is entitled to equitable estoppel/tolling of the statute of limitations and makes no determination that Plaintiff's amended complaint survives initial review.

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Plaintiff's motion for reinstatement (DN 9) is **GRANTED**. The **Clerk of Court is DIRECTED to reopen and restore** this action to the Court's active docket;

(2) The Court's February 23, 2010, Memorandum Opinion and Order dismissing the instant action (DNs 6 & 7) are **VACATED in part**. The Court **OVERRULES** its prior determination that the action is time-barred and **SUSTAINS** its determination that Plaintiff fails to state a basis of liability against Defendant Louisville Metro Police Department;

5

(3)  **Within 30 days from entry of this Memorandum and Order, Plaintiff must file an amended complaint against those police officers who she believes are responsible for her alleged harm, describing how each defendant violated her rights and when.  Within the amended complaint, Plaintiff must also include her allegation of equitable estoppel/tolling, specifically explaining the steps she undertook to file a timely action and how she was prevented from doing so.**  The **Clerk of Court is DIRECTED** to send Plaintiff a court-supplied form for filing a § 1983 action.[2]

(4)  Upon conclusion of the 30-day period, the Court will conduct an initial screening of the amended complaint under 28 U.S.C. § 1915(e).

(5)  Should Plaintiff fail to file an amended complaint within the allotted time period, the Court **will dismiss the action**.

Date:

cc:    Plaintiff, *pro se*
       Jefferson County Attorney
4412.005

---

[2]While the form is specific to prisoners, the Court believes that it would be helpful for Plaintiff to use in this instance.  Plaintiff should merely disregard the references to "prisoner(s)."