UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-978-H

TAKETA BEARD                                                                                        PLAINTIFF

V.

LOUISVILLE METRO POLICE DEPT., et al.                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The remaining Defendants, Detective Billy Keltner and Officer David Bassler, move to dismiss this lawsuit based on the statute of limitations. For the reasons that follow, the Court agrees.

I.

On December 17, 2009, Plaintiff filed this lawsuit naming Louisville Metro Police Department ("LMPD") as a defendant regarding an incident that allegedly occurred on October 10, 2007, in violation of her Fourth Amendment rights. On February 23, 2010, the Court issued a Memorandum Opinion dismissing Plaintiff's claims against LMPD for failure to state a cognizable § 1983 claim. The Court dismissed all claims against the individual Defendants for failure to file the claims within the applicable statute of limitations. On May 5, 2010, Plaintiff filed a motion to reinstate the case, claiming she was incarcerated and prohibited from filing suit in a timely manner. On August 16, 2010, the Court granted the motion, noting that it "appear[ed] Plaintiff was 'arguing for equitable estoppel/tolling of the statute of limitations.'" The Court did not alter its ruling as to LMPD.

Recognizing that Plaintiff should have sued the individual officers, as opposed to LMPD,

the Court allowed Plaintiff to amend her complaint to name the individual officers who allegedly assaulted her in October 2007, but required that she "must include in her allegation of equitable estoppel/tolling specifically explaining the steps she undertook to file a timely action and how she was prevented from doing so."

On September 15, 2010, Plaintiff filed an Amended Complaint against police officers, Billy Keltner and David Bassler.[1] Plaintiff did not include any allegations in her Amended Complaint of equitable estoppel/tolling and/or any explanation as to how she was prevented from filing her action in a timely manner. On October 19, 2010, the Court dismissed the official capacity claims against Defendants. The Court also required Plaintiff to submit completed summons for the two Defendants.

II.

On November 16, 2010, Defendants moved to dismiss the remaining allegations of the Amended Complaint on statute of limitations grounds. Defendants properly served Plaintiff with a copy of the motion, but she has not responded. Plaintiff has also failed to comply with the Court order regarding the issuance of summons.

The statute of limitations for § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one year statute of limitations set forth in KRS 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990). Federal law controls on the issue of when the statute of limitations begins to run. *Sevier v.*

---

[1] To the extent it remains unclear, the Court reaffirms that LMPD is not a party defendant to the Amended Complaint.

*Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time barred, the case should be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

When this Court allowed Plaintiff a second opportunity to plead a viable claim, it specifically ordered Plaintiff to include allegations in her Amended Complaint of equitable estoppel/tolling, "specifically explaining the steps she undertook to file a timely action and how she was prevented from doing so." Notwithstanding this express requirement, Plaintiff's Amended Complaint did not include any assertion that she was prevented from filing suit while she was incarcerated or that equitable estoppel/tolling should save her claims in some manner. Moreover, a review of her court record reflects that Plaintiff was released from jail on March 25, 2008, and placed on home incarceration. She remained out of custody and on home incarceration until August 6, 2008, when she was removed by the Court for not having a suitable place to live.

More than one year passed between the events alleged and the filing of Plaintiff's lawsuit. She had an opportunity to file her complaint before the statute of limitations expired and did not do so. Plaintiff's complaint states no other more specific grounds for equitable estoppel/tolling of the statute. The Court has given Plaintiff more than enough opportunity to come forward with reasons to avoid dismissal. Defendants are entitled to have the claims dismissed.

For all of these reasons and being otherwise sufficiently advised,

3

IT IS HEREBY ORDERED that Defendants' motion is SUSTAINED and this complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Plaintiff, *Pro Se*
Counsel of Record